UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C. an incompetent adult; *by and through his guardian ad litem DeNiece Murphy*,<br><br>Plaintiff,<br><br>v.<br><br>MODESTO CITY SCHOOLS and STANISLAUS COUNTY OFFICE OF EDUCATION,<br><br>Defendants. | Case No. 1:22-cv-01481-HBK<br><br>ORDER GRANTING APPLICATION TO APPOINT GUARDIAN AD LITEM<br><br>(Doc. No. 3) |

Petitioner DeNiece Murphy, through counsel, filed an application for the Court to appoint DeNiece Murphy as guardian ad litem for the Plaintiff, D.C., an incompetent adult person on November 16, 2022.  (Doc. No. 3).  Petitioner submits a Declaration in Support.  (Doc. No. 3-1). The Court grants the application.

Federal Rule of Civil Procedure 17 provides for a representative of an incompetent person to sue or defend on an incompetent person's behalf.  Fed. R. Civ. P. 17(c).  Similarly, the Local Rules of this Court, in pertinent part, states:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present ... a motion for the appointment of a guardian ad litem by the Court, or ... a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

Local Rule 202(a) (E.D. Cal. March 1, 2022).

Appointment of a guardian ad litem is not a mere formality because the guardian "is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). "The purpose of Rule 17(c) is to protect an incompetent person's interest in prosecuting or defending a lawsuit. *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (citation omitted). A "guardian ad litem need not possess any special qualifications," but must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F.Supp.3d 1042, 1053-54 (E.D. Cal. 2015) (citations omitted).

The court has considered the application of DeNeice Murphy for appointment as guardian ad litem for D.C., the incompetent Plaintiff. DeNeice Murphy is not a party to the instant action. (*See generally* Doc. No. 1). She is the parent and education rights holder for D.C. (Doc No. 3 at 1; Doc. No. 3-1). The Court does not find any apparent conflict of interest or any other factors that demonstrate such appointment is not in the best interests of the incompetent Plaintiff.

Accordingly, it is **ORDERED**:

The application to appoint a guardian ad litem for the incompetent Plaintiff (Doc. No. 3) is **GRANTED** and DeNeice Murphy is appointed as Plaintiff D.C.'s guardian ad litem.

Dated: November 22, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE